UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DWIGHT W. KNOWLES,

      Plaintiff,

    v.

WARDEN DAVID E. ORTIZ, et al.,

      Defendants.

No. 19-cv-18111 (NLH) (AMD)

OPINION

APPEARANCE:

Dwight W. Knowles
61323-018
F.D.C. Philadelphia
P.O. Box 562
Philadelphia, PA 19105

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Dwight W. Knowles, presently incarcerated in

F.D.C. Philadelphia, Pennsylvania, seeks to bring a complaint

pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971).  See ECF No. 1.  He also moves

for the appointment of pro bono counsel.  ECF No. 5.

    At this time, the Court must review the Complaint, pursuant

to 28 U.S.C. § 1915(e)(2) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks

monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the Court will dismiss the

1

complaint without prejudice.  The motion for counsel is denied

without prejudice.

I.    BACKGROUND

According to the complaint, Plaintiff was assaulted by

another inmate sometime in 2015 during his detention at the

Central Detention Facility in Virginia.[1]  ECF No. 1. at 5.  He

states his left eyeball was lacerated and laser surgery was

recommended but never performed.  Id.  Plaintiff alleges that he

"suffers from constant headaches because HE CANNOT FULLY SEE

from said eye, and is in constant fear of tripping, or falling

down stairs."  Id.  He also alleges that he slipped on a wet

floor in mid-2017 at the Northern Neck Regional Jail, Virginia.

Id. at 6.  His left leg was broken, and physical therapy was

recommended but not performed.  Id.

Plaintiff was transferred to FCI Fort Dix, New Jersey in

September 2017.  ECF No. 1-1 at 3.  He alleges that the Fort Dix

Medical Services refused to address his medical issues.  ECF No.

1 at 6.  On May 28, 2019, the Federal Bureau of Prisons ("BOP")

Regional Counsel Office received a tort claims notice from

Plaintiff.  ECF No. 1-1 at 1.  He listed the Colombian Embassy

as the appropriate federal agency and alleged that he "was

---

[1] Plaintiff lists both Virginia and Washington, D.C., as the
location of Central Detention Facility.  This discrepancy does
not impact the Court's decision.

kidnapped, and falsely imprisoned, caused by the Colombian, and

U.S. governments, on November 6, 2013, for a conspiracy drug

charge, by the use of false evidence (illegal wiretap), and

presented false information, in Diplomatic Note No. 2696, to the

Columbian government, to extradite me, Dwight W. Knowles."  Id.

He continued: "I broke my left leg at Northern Neck Regional

Jail, Washington, D.C., in 2017, and injured my left eye at

Central Detention Facility, Washington, D.C., in 2015.  I, now,

suffer from depression and am mentally stressed."  Id.  He asked

for $20,000,000,000 in damages.  Id.

The BOP Regional Counsel responded to the claim notice on

June 14, 2019:

> After review, we are denying your enclosed claim because
> there is no evidence you experienced a compensable
> injury as the result of negligence on the part of a
> Federal Bureau of Prisons (BOP) employee.  You do not
> make any allegations concerning a BOP employee.
> Employees of contract, county or local jail facilities
> are not employees of, the BOP, as defined by the Federal
> Tort Claim Act (FTCA), 28 U.S.C. §§ 1346, 2675.
> Accordingly, your claim is denied.

Id. at 2.  Plaintiff filed this complaint on September 18, 2019.

ECF No. 1.

Plaintiff asserts Defendants David Ortiz, Dr. Tyler Wind,

Dr. Harold Weller, Central Detention Facility, Northern Neck

Regional Jail, Major Phyllis Back, and the Pinellas County

Sheriff's Office "[i]n an intentionally elaborate, insidiously

covert, highly orchestrated and concerted, attempt to WRONGLY,

3

and ILLEGALLY, prevent him from RIGHTFULLY seeking basic, proper
medical care . . . ."  Id. at 3.  "Medical staff REFUSED: 'AT
EVERY TURN', to make available ANY, and ALL, prior medical
records from Virginia, where Petitioner was being held in pre-
trial detention, awaiting his trial, and where most, if not all
of the medical malpractice events occurred."  Id. at 5.  He
seeks $200,000,000 in damages from each defendant.  Id. at 7.

II.   STANDARD OF REVIEW

      Section 1915(e)(2) requires a court to review complaints
prior to service in cases in which a plaintiff is proceeding in
forma pauperis.  The Court must sua sponte dismiss any claim
that is frivolous, is malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  This action is
subject to sua sponte screening for dismissal under 28 U.S.C. §
1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis
and is incarcerated.

      To survive sua sponte screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible.  Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.'"  Fair Wind

4

Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A]

pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"

Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007)).

III.  DISCUSSION

A.  Claims

    Plaintiff alleges he was denied medical care at Fort Dix

for his left eye and left leg.  "The Eighth Amendment, through

its prohibition on cruel and unusual punishment, prohibits the

imposition of 'unnecessary and wanton infliction of pain

contrary to contemporary standards of decency.'"  Pearson v.

Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting

Helling v. McKinney, 509 U.S. 25, 32 (1993)).  "[P]rison

officials violate the Eighth Amendment when they act

deliberately indifferent to a prisoner's serious medical needs

by 'intentionally denying or delaying access to medical care or

interfering with the treatment once prescribed.'"  Id. (quoting

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).  To succeed on

his Eighth Amendment claim, Plaintiff "must make (1) a

subjective showing that 'the defendants were deliberately

indifferent to [his] medical needs' and (2) an objective showing

5

that 'those needs were serious.'"   Id. (quoting Rouse v.

Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

Plaintiff asserts his left eye was injured by another

inmate and he broke his left leg when he fell.  The Court

presumes for screening purposes only that he has shown a serious

medical need.  However, he has not shown that the Defendants

were deliberately indifferent to those needs.  "'Deliberate

indifference,' . . . requires 'obduracy and wantonness,' which

has been likened to conduct that includes recklessness or a

conscious disregard of a serious risk."  Rouse v. Plantier, 182

F.3d 192, 197 (3d Cir. 1999) (quoting Whitley v. Albers, 475

U.S. 312, 319 (1986)).  His cursory allegation that Defendants

did not treat his eye and leg are not supported by any specific

facts showing how each Defendant personally denied him needed

medical care and acted with the required state of mind.

"[T]he pleading standard Rule 8 announces does not require

'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation.  A

pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

must be able to articulate how each named Defendant personally

displayed deliberate indifference to his medical needs.

The Court lacks jurisdiction over the complaint to the extent it is construed as a medical malpractice claim under the Federal Tort Claims Act ("FTCA").  "As the Supreme Court has stated, '[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  CNA v. United States, 535 F.3d 132, 140-41 (3d Cir.) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)), as amended (Sept. 29, 2008) (alteration in original).  The FTCA acts as a limited waiver of that immunity, "and permits suits against the United States for torts committed by 'any employee of the Government while acting within the scope of his office or employment . . . .'"  S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1)).

First, Plaintiff may not bring a FTCA claim against anyone but the United States.  See CNA, 535 F.3d at 138 n.2.  Second, the BOP Regional Counsel denied the claim because Plaintiff did not receive medical treatment from federal employees at the Central Detention Facility and Northern Neck Regional Jail.  ECF No. 1-1 at 2.  "Title 28 U.S.C. § 2671 explains that 'Federal agency' and 'Employee of the government' do not include any contractor with the United States.  Thus, there is an independent-contractor exemption in the Federal Tort Claims

7

Act."  Norman v. United States, 111 F.3d 356, 357 (3d Cir.

1997); see also 28 U.S.C.A. § 2671 ("'Federal agency' includes

the executive departments, the judicial and legislative

branches, the military departments, independent establishments

of the United States, and corporations primarily acting as

instrumentalities or agencies of the United States, but does not

include any contractor with the United States.").  Under the

independent-contractor exemption to the FTCA's waiver of

sovereign immunity, the Court lacks jurisdiction.

     The Court does not appear to have jurisdiction over

Plaintiff's claims of medical malpractice from Fort Dix

employees either.  Before filing a suit in federal court, a

plaintiff suing under the FTCA must present the offending

agency, here the BOP, with notice of the claim, including a "sum

certain" demand for monetary damages.  White-Squire v. U.S.

Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010).  "Because the

requirements of presentation and a demand for a sum certain are

among the terms defining the United States's consent to be sued,

they are jurisdictional."  Id. (citing United States v.

Sherwood, 312 U.S. 584, 587 (1941)).  These requirements cannot

be waived.  Id. (citing Bialowas v. United States, 443 F.2d

1047, 1049 (3d Cir. 1971)).

     The notice of claim form presented did not list denial of

medical care by Fort Dix employees among Plaintiff's claims.

ECF No. 1-1 at 1. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993); see also Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). Exhaustion occurs when either the agency denies the claim, in which case plaintiffs must file suit within six months, or six months have passed without a written denial of the claim. 28 U.S.C. §§ 2401(b), 2675(a). The exhaustion requirement is mandatory, jurisdictional, and is applicable to all FTCA plaintiffs regardless of their pro se or incarcerated status. Shelton, 775 F.3d at 569; Wadhwa v. Nicholson, 367 F. App'x 322, 325 n.5 (3d Cir. 2010) ("McNeil clarified that administrative exhaustion must be complete before instituting suit, and that this procedural rule is a requirement to which all litigants must adhere." (emphasis omitted)). Because there is no indication Plaintiff exhausted any FTCA claims against Fort Dix employees, the Court lacks jurisdiction to hear them at this time.

Finally, Plaintiff has not stated a claim for false arrest or false imprisonment. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and

9

circumstances within the arresting officer's knowledge are

sufficient in themselves to warrant a reasonable person to

believe that an offense has been or is being committed by the

person to be arrested." Orsatti v. New Jersey State Police, 71

F.3d 480, 482 (3d Cir. 1995).

Plaintiff was arrested on a warrant after he was indicted

in the United States District Court for the District of Columbia

for conspiracy to distribute, and possess with intent to

distribute, five kilograms or more of cocaine on board an

aircraft registered in the United States, 21 U.S.C. § 959(b); 21

U.S.C. § 963 (conspiracy); and 18 U.S.C. § 2 (aiding and

abetting).  ECF No. 9 at 3-4.  He was extradited from Colombia

and held in the Central Detention Facility.  Plaintiff submitted

the Drug Enforcement Administration agent's affidavit in support

of extradition as an exhibit to his complaint.  Id. at 9-14.

From reviewing the affidavit, it appears there was probable

cause to arrest Plaintiff.

B.   Motion for Counsel

Plaintiff moves for the appointment of counsel. ECF No. 5.

Appointment of counsel is a privilege, not a statutory or

constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192

(3d Cir. 2011), and is governed by the factors enumerated in

Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  See id. at 155–56, 157 n.5; see also Cuevas v. United States, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the Tabron factors).

"[T]he district court must consider as a threshold matter the merits of the plaintiff's claim."  Tabron, 6 F.3d at 155. As the Court is dismissing the complaint without prejudice for failure to state a claim, no further Tabron analysis is warranted.  In the event Plaintiff moves to amend his complaint, he may reapply for counsel by addressing the Tabron factors.

C.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  As Plaintiff may be able to allege facts supporting his Bivens claim and allege facts supporting this Court's jurisdiction under the FTCA for

11

his Fort Dix claims, the Court will grant Plaintiff leave to amend those claims.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

IV.   CONCLUSION

For the reasons stated above, the complaint will be dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's motion for the appointment of counsel will be denied without prejudice.  ECF No. 5.  Plaintiff may move for leave to amend within 30 days of this opinion and order.

An appropriate order follows.


Dated: __June 8, 2020                    __s/ Noel L. Hillman_____
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.


12