UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT W. KNOWLES,<br><br>            Plaintiff,<br><br>      v.<br><br>WARDEN DAVID E. ORTIZ, et al.,<br><br>            Defendants. | No. 19-cv-18111 (NLH) (AMD)<br><br><br><br>OPINION |

APPEARANCE:

Dwight W. Knowles
61323-018
Rivers
Correctional Institution
Inmate Mail/Parcels
P.O. Box 630
Winton, NC 27986

      Plaintiff Pro se

HILLMAN, District Judge

      Plaintiff Dwight W. Knowles, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) alleging he was denied medical care at FCI Fort Dix, New Jersey for injuries sustained to his left eye and left leg.  See ECF No. 1.[1]  He also alleged he was illegally

---

[1] Plaintiff, now incarcerated at FCI Rivers in North Carolina, filed a letter asking the Court to release him as he has contracted COVID-19.  ECF No. 19.  The Court lacks the ability to order Plaintiff's release in this action as he is no longer within the territorial jurisdiction of the Court.  Plaintiff would need to file his request with either the sentencing court or the district court where FCI Rivers is located.

                                 1

extradited from Colombia to the United States. Id. The Court dismissed the complaint without prejudice and permitted Plaintiff to seek leave to amend. ECF No. 11.

Plaintiff now moves to amend his complaint, proceeding only with his false arrest and false imprisonment claims. ECF No. 12. He also requests a hearing "into the Drug Enforcement Administration agent's affidavit in support of extradition." ECF Nos. 15 & 16. For the reasons set forth below, the Court will deny the motion to amend and will dismiss the motions for a hearing as moot.

I.   BACKGROUND

Plaintiff states he was assaulted by another inmate sometime in 2015 during his detention at the Central Detention Facility in Washington DC. ECF No. 12 at 2. His left eye was injured requiring surgery. Id. Plaintiff alleges that he "suffers from constant headaches and fear of tripping or falling down stairs." Id. He also alleges that he slipped on a wet floor in mid-2017 at the Northern Neck Regional Jail, Virginia. Id. His left leg was broken, and physical therapy was recommended but not performed. Id. He now suffers from blood clots. Id.

Plaintiff was transferred to FCI Fort Dix, New Jersey in September 2017. Id. He alleges that the Fort Dix Medical Services refused to address his medical issues. Id. Dr. Tyler

2

Wind performed surgery on Plaintiff's left knee but did not do any follow-up care.  Id.  Plaintiff filed a complaint against the Colombian and United States governments alleging that they caused his injury by kidnapping him and falsely imprisoning him. Id. at 2-3.  He alleges the basis of his extradition from Colombia, a wiretap conducted on May 20, 2012, was illegal and therefore his arrest and deportation were illegal.  "The United States of America do not have the jurisdiction to have Dwight W. Knowles in there [sic] prison."  Id. at 10.

The Court dismissed Plaintiff's original complaint for lack of jurisdiction over his tort claims and for failure to state a constitutional violation claim.  ECF No. 11.  It granted Plaintiff leave to amend.  Id.  Plaintiff submitted the motion to amend, ECF No. 12, and two motions for a hearing on the validity of his arrest and deportation, ECF Nos. 15 & 16.

II.   STANDARD OF REVIEW

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must

be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Assessing a proposed amended complaint for futility is the same as applying the Rule 12(b)(6) standard. Brookman v. Township of Hillside, 2018 WL 4350278, at *2 (D.N.J. 2018) (citing In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'")).

III. DISCUSSION

Plaintiff's claims for false arrest and false imprisonment would not survive a motion to dismiss; therefore, amendment would be futile, and the Court will deny the motion to amend.

Plaintiff's false arrest claim is too late. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte ... for failure to state a claim." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam). Bivens claims are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New

4

Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014) (quoting Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)).

False arrest claims generally accrue at the time of arrest. Wallace v. Kato, 549 U.S. 384, 397 (2007).[2] Plaintiff was arrested in Colombia on November 6, 2013, see ECF No. 12 at 3, giving him until November 6, 2015 to file a claim. Even if the limitations period was tolled until he arrived in the United States in 2014, see id. at 5, the limitations period would have expired January 3, 2017 at the very latest.[3] Plaintiff did not file a complaint until September 2019, making his false arrest claim too late. Therefore, it would be futile to permit amendment because the statute of limitations has expired.

---

[2] Based on the information provided in the proposed amended complaint, the Court concludes the false arrest claim is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). "Under some circumstances, a false arrest claim may proceed . . . despite a valid conviction." Woodham v. Dubas, 256 F. App'x 571, 576 (3d Cir. 2007). See also McDonough v. Smith, 139 S. Ct. 2149, 2159 (2019); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) ("[A] conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest.").

[3] December 31, 2016 was a Saturday and January 2, 2017 was an observed holiday. Fed. R. Civ. P. 6(a)(1)(C).

Plaintiff's false imprisonment claim covers two separate periods: before conviction and after conviction.  The claim regarding his pre-conviction detention is also too late.  The Supreme Court recently determined that where a judicial officer's decision to hold a defendant over for trial is based on fabricated evidence, "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." Manuel v. City of Joliet, Illinois, 137 S. Ct. 911, 918 (2017) ("Manuel I").  "[Manuel I] shows that the wrong of detention without probable cause continues for the length of the unjustified detention."  Manuel v. City of Joliet, Illinois, 903 F.3d 667, 669 (7th Cir. 2018) ("Manuel II").

The Court follows the rule announced in Manuel I as Plaintiff alleges the false affidavit from the Drug Enforcement Administration was the reason the magistrate held him over for trial.  As such, plaintiff's pretrial false imprisonment claim began with his arrest in Colombia and concluded with the District of Columbia's entry of judgment.  United States v. Knowles, No. 12-cr-0266 (D.D.C. Aug. 7, 2017) (ECF No. 274).  This is because Plaintiff was no longer detained by the magistrate's reliance on the allegedly false evidence but on the judgment of conviction entered after a jury found Plaintiff guilty beyond a reasonable doubt.  Thus, the statute of

6

limitations on Plaintiff's pretrial detention claim began to run on August 7, 2017 and expired August 7, 2019.  Plaintiff submitted his original complaint on September 12, 2019, just over a month late.  ECF No. 1 at 7.

Conversely, his post-trial detention claim is presently barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that before a plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  Id. at 486-87; see also Bronowicz v. Allegheny Cty., 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009))).  Heck's holding has been applied to bar Bivens claims as well as § 1983 claims.  See Lora-Pena v. FBI, 529 F.3d 503, 506 n.2 (3d Cir. 2008) (per curiam).

In order for Plaintiff to succeed on his false imprisonment claim for the time after his conviction, he would have to prove that the jury's verdict was invalid.  Therefore, this claim is barred by Heck unless and until Plaintiff's conviction is overturned.

It would be futile to permit amendment because Plaintiff's proposed amended complaint is either barred by the statute of limitation or by Heck.  Plaintiff may file a new complaint in the event his conviction is overturned.  The motions for a hearing will be dismissed as moot as the complaint cannot proceed at this time.

IV.  CONCLUSION

The motion to amend will be denied as futile.  The motions will be dismissed as moot.

An appropriate order follows.


Dated: December 31, 2020            _s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.